UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Case No. 1:21–MJ–00240 |
| v. | : | |
| | : | **UNDER SEAL** |
| EMMA CORONEL AISPURO, | : | |
| | : | February 23, 2021 |
| Defendant. | : | |

**DECLARATION IN SUPPORT OF MOTION FOR ADMISSION *PRO HAC VICE*** 

I, **JEFFREY LICHTMAN**, hereby declare the following:

1. I am the principal of the Law Offices of Jeffrey Lichtman, and make this affirmation in support of David Benowitz's motion that I be admitted to appear *pro hac vice* on behalf of defendant Emma Coronel Aispuro in the above-captioned case. My name, office address, and contact information is as follows:

> Jeffrey Lichtman
> Law Offices of Jeffrey Lichtman
> 11 East 44th Street
> Suite 501
> New York, NY 10017
> 212-581-1001

2. I have been admitted to the following courts and bars:

> New York State (1991; Bar Number 2395044)
> Southern District of New York (1991; Bar Number JL6328)
> Eastern District of New York (1991; Bar Number JL6328)
> Western District of New York (1992; Bar Numbers Not Utilized)
> Second Circuit Court of Appeals (1992; Bar Number 92-568)
> Third Circuit Court of Appeals (1994; Bar Numbers Not Utilized)
> United States Supreme Court (2008; Bar Number 299-380)

3. I am currently in good standing with all states, courts, and bars in which I am

admitted. However, on September 15, 2014, I received a private admonition from the First Judicial Department in New York for conduct which adversely reflected on my fitness as a lawyer pursuant to Rule 8.4(h) of the New York Rules of Professional Conduct. Specifically, I had a client who was serving a sentence in a detention facility in lower Manhattan; he was transferred to Rikers Island, a jail which the client and his family believed was very dangerous. Although I had no contact in the Corrections Department and had no intention of paying a bribe, I indicated to the client's wife that I had a contact in the Corrections Department who could get her husband transferred back to the facility in lower Manhattan. In fact, my ability to effect such a transfer actually rested with a former client of mine instead, who had spent some time in that Manhattan facility. I had indicated to the client's wife that a payment to the unnamed Corrections Department official might be required even though I had no intention of taking any payment – because I believed that unless she genuinely believed I had a contact in the Corrections Department she might attempt to bribe someone in the Corrections Department herself. No such bribe was ever solicited or paid and I never contacted anyone in the Corrections Department about this client's housing request.

4. Beyond the above-referenced private admonition, I have never been disciplined by any bar and have never been denied admission or withdrawn an application to practice before this or any court.

5. I have not previously been admitted *pro hac vice* in this Court.

6. I do not have an office located within the District of Columbia.

7.  For the forgoing reasons, it is respectfully urged that this Court grant Mr. Benowitz's motion to have me admitted *pro hac vice* to appear and participate as counsel in this matter.

I declare under the penalty of perjury the foregoing to be true and correct. Executed in Washington, D.C., this 23rd day of February, 2021.

Respectfully submitted,

/s/ Jeffrey Lichtman
Law Offices of Jeffrey Lichtman
11 East 44th Street
Suite 501
New York, NY 10017
212-581-1001
jl@jeffreylichtman.com