## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. _____** |
| | : | |
| | : | **UNDER SEAL** |
| | : | |
| **v.** | : | 21 U.S.C. §§ 959(a), 960, and 963 |
| | : | (Conspiracy to Distribute One |
| | : | Kilogram or More of Heroin, Five |
| | : | Kilograms or More of Cocaine, |
| **EMMA CORONEL AISPURO,** | : | 1,000 Kilograms or More of |
| | : | Marijuana, and 500 Grams or More |
| | : | of Methamphetamines for Unlawful |
| **Defendant.** | : | Importation into the United States) |
| | : | |
| | : | 18 U.S.C. § 2 (Aiding and |
| | : | Abetting) |
| | : | |
| | : | 18 U.S.C. §§ 1956(a)(1)(A)(i) and |
| | : | 1956(h) |
| | : | (Conspiracy to Launder Monetary |
| | : | Instruments) |
| | : | |
| | : | 21 U.S.C. §§ 1904(c)(1), |
| | : | 1904(c)(2), and 1906(a) |
| | : | (Engaging in Transactions |
| | : | and Dealings in Properties |
| | : | of a Designated Significant |
| | : | Foreign Narcotics |
| | : | Trafficker) |
| | | |
| | | 21 U.S.C. §§ 853 and 970 |
| | | (Criminal Forfeiture) |

## INFORMATION

The United States of America, Narcotic and Dangerous Drug Section, Criminal Division,

United States Department of Justice, charges that:

## COUNT ONE

Beginning in or about 2007, and continuing to at least on or about January 19, 2017, in the

United States, Mexico, and elsewhere, the defendant, EMMA CORONEL AISPURO, did

knowingly, intentionally, and willfully, conspire, confederate, and agree with others, known and unknown, to distribute (1) a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; (2) a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; (3) a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance; and (4) a mixture and substance containing a detectable amount of methamphetamines, a Schedule II controlled substance, intending and knowing that such controlled substances would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959(a) and 960; all in violation of Title 21, United States Code, Section 963, and Title 18, United States Code, Section 2.

The controlled substances involved in the conspiracy attributable to the defendant, EMMA CORONEL AISPURO, as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her, are (1) one kilogram or more of a mixture and substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 1960(b)(1)(A); (2) five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 1960(b)(1)(B)(ii); (3) 1,000 kilograms or more of a mixture and substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 1960(b)(1)(G); and (4) 500 grams or more of a mixture and substance containing a detectable amount of methamphetamines, in violation of Title 21, United States Code, Section 1960(b)(1)(H).

(Conspiracy to Distribute Heroin, Cocaine, Marijuana, and Methamphetamines for Unlawful Importation into the United States, in violation of Title 21, United States Code, Sections 959(a), 1960(b)(1)(A), 1960(b)(1)(B)(ii), 1960(b)(1)(G), 1960(b)(1)(H), and 963; and Title 18, United States Code, Section 2.)

## COUNT TWO

Beginning in or about 2007, and continuing to on or about December 3, 2019, in the United States, Mexico, and elsewhere, the defendant, EMMA CORONEL AISPURO, did knowingly, intentionally, and willfully conspire, confederate, and agree with others, known and unknown, to commit offenses under Title 18, United States Code, Sections 1956, as follows:   Knowingly conducting and attempting to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, to wit, the distribution of controlled substances for the unlawful importation into the United States, in violation of Title 21, United States Code, Sections 959, 960, and 963, with the intent to promote the carrying on of specified unlawful activity, to wit, the distribution of controlled substances for the unlawful importation into the United States, in violation of Title 21, United States Code, Sections 959, 960, and 963, all in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); all in violation of Title 18, United States Code, Section 1956(h).

(Conspiracy to launder Monetary Instruments, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(h))

## COUNT THREE

Beginning on or about 2007, and continuing to on or about December 3, 2019, in the United States, Mexico, and elsewhere, the defendant, EMMA CORONEL AISPURO, a United States person, (1) engaged in transactions and dealings in property and interests in property of a foreign person, to wit, Joaquin Guzman Loera, also known as "El Chapo," designated a significant foreign narcotics trafficker pursuant to Title 21, United States Code, Section 1903(b); and (2) engaged in transactions and dealings to evade and avoid, that had the effect of evading and avoiding, the prohibition on transactions and dealings in property and interests in property of said foreign person, all in violation of Title 21, United States Code, Sections 1904(c)(1), 1904(c)(2), and 1906(a).

3

(Engaging in Transactions and Dealings in Properties of a Designated Significant Foreign Narcotics Trafficker, in violation of Title 21, United States Code, Sections 1904(c)(1), 1904(c)(2), and 1906(a))

## CRIMINAL FORFEITURE ALLEGATION

The United States hereby gives notice to the defendant that upon conviction of the offense in violation of Title 21, United States Code, Sections 959(a) and 960, set forth in Count One of this Information, the defendant, EMMA CORONEL AISPURO, shall forfeit to the United States pursuant to Title 21, United States Code, Sections 853 and 970, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third person;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be subdivided without difficulty;

//

//

//

//

//

//

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property.

(Criminal Forfeiture, in violation of Title 21, United States Code, Sections 853 and 970)

ARTHUR G. WYATT
Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C.  20530

By: _____
ANTHONY J. NARDOZZI
Acting Deputy Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530

Dated: _3|25|21_