UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EMMA CORONEL AISPURO,<br><br>Defendant. | Case No. 21-CR-00255 (RC) |

## MOTION FOR ENTRY OF CONSENT ORDER OF FORFEITURE

The United States of America, by and through the undersigned attorneys, respectfully moves this Court for entry of a Consent Order of Forfeiture in advance of the sentencing hearing in this matter scheduled for November 30, 2021. In support thereof, the United States provides the following information:

1. On June 10, 2021, the Defendant Emma Coronel Aispuro (hereinafter, the "Defendant") pleaded guilty pursuant to a plea agreement to a three-count Information (hereinafter, the "Information") charging her with conspiring to distribute five kilograms or more of cocaine, one kilogram or more of heroin, 500 grams or more of methamphetamine, and 1,000 kilograms or more of marijuana, knowing, intending, and having a reasonable cause to believe that such substance would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959(a), 960, and 963 and 18 U.S.C. § 2 (Count One); conspiring to launder the proceeds of the narcotics offense charged in Count One, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(h) (Count Two); and engaging in transactions and dealings in property and interests in property of a foreign person designated a Significant Foreign Narcotics Trafficker, in violation of 21 U.S.C. § 1903(b), and engaging in transactions and dealings to evade and avoid, and that had the effect of evading and avoiding, the prohibition on transactions

9

and dealings in property and interests in property of said foreign person, in violation of 21 U.S.C. §§1904(c)(1), 1904(c)(2), and 1906(a) (Count Three). Docket Number ("Dkt. No.") 20, 26, 31.

2. The Information contained a drug forfeiture allegation in which the government gave Defendant notice that, upon conviction on Count One, it would seek forfeiture of the proceeds of and property used to facilitate Count One attributable to Defendant, pursuant to 21 U.S.C. §§ 853 and 970, including the entry of a money judgment. Dkt. No. 20.

3. Defendant is currently scheduled to be sentenced on November 30, 2021.

4. The plea agreement in this case provided that the Defendant forfeit any property forfeitable pursuant to 21 U.S.C. §§ 853 and 970, as described above, and assist the government in the recovery of such forfeitable property. Dkt. No. 26 ¶ 5.

5. There are no specific forfeitable assets in this case. With regard to a money judgment, Federal Rule of Criminal Procedure 32.2 directs the Court to determine the amount of money that the Defendant will be ordered to pay and, prior to announcing a sentence, to enter a Preliminary Order of Forfeiture setting forth the amount of the money judgment. Fed. R. Crim. P. 32.2(b)(1)(A), (2)(A). Where, as here, the Defendant consents to the entry of a money judgment, that order may become final prior to sentencing. Fed R. Crim. P. 32.2(b)(4)(A).

6. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(1)(B), in determining what amount the Defendant should be ordered to pay as a money judgment, the Court may rely on "evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable."

7. Pursuant to paragraph five of the plea agreement, Defendant has identified $1,499,970 in property that is forfeitable as proceeds of Count One attributable to her. She has also agreed to provide the government with $1,499,970 before the sentencing hearing scheduled

for November 30, 2021 in satisfaction of the proposed Consent Order of Forfeiture. The Defendant, therefore, through counsel Jeffrey Lichtman, Esq., consents to the attached proposed Consent Order of Forfeiture.

8.  Accordingly, the United States now requests a Consent Order of Forfeiture in the amount of $1,499,970.

Based upon the foregoing, and the record in this case, the government respectfully requests that this Court enter the proposed Consent Order of Forfeiture against Defendant pursuant to Federal Rule of Criminal Procedure 32.2(b)(2)(A) and (4)(A) and 21 U.S.C. §§ 853(a) and 970. The government further requests that the Court announce the money judgment at the time of sentencing Defendant and include the Consent Order of Forfeiture in the Judgment pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(B).

Respectfully submitted,
ARTHUR G. WYATT
Chief
Narcotic and Dangerous Drug Section
U.S. Department of Justice
Washington, D.C. 20530

By:  */s/ Katharine A. Wagner*
ANTHONY J. NARDOZZI
Deputy Chief
KATHARINE A. WAGNER
Assistant Deputy Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C.  20530
Telephone: (202) 514-0651

Submitted: November 18, 2021

11

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Government's Sentencing Memorandum foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

      By:    */s/ Katharine A. Wagner*
                  KATHARINE A. WAGNER
                  Assistant Deputy Chief
                  Narcotic and Dangerous Drug Section
                  Criminal Division
                  U.S. Department of Justice